FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2005 JUL 18  P 4: 05

CLERK'S OFFICE
AT BALTIMORE

**RONALD B. RIFENBERG**
Plaintiff,

BY_____DEPUTY

v.                                  **CIVIL NO. L-02-795**

**PRINCE GEORGE'S COUNTY,**
**MARYLAND**
**Defendant.**

### MEMORANDUM

This is an employment discrimination case. Now pending is Defendant Prince George's

County, Maryland's ("the County") motion to review the Clerk's award of costs. For the reasons

stated herein, the Court will, by separate Order filed this date, GRANT IN PART and DENY IN

PART the motion. (Docket No. 26.)

I.    **BACKGROUND**

On September 30, 2004, the Court granted the County's motion for summary judgment.

On October 6, 2004, the County filed an itemized Bill of Costs pursuant to Federal Rule of Civil

Procedure 54(d)(1) and 28 U.S.C. § 1920, seeking the award of $852.50 in court reporter fees

associated with the depositions of six witnesses: Plaintiff Ronald Rifenberg ("Rifenberg"),

Jerome Hampton ("Hampton"), Cynthia Barry ("Barry"), Marie Rose Murphy ("Murphy"), Adele

Connelly ("Connelly"), and Thomas Matzen ("Matzen").

On October 28, 2004, the Court awarded the County $189.00 in costs for the depositions

of Adele Connelly and Thomas Matzen. The Clerk noted that in the District of Maryland, "the

Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2)

the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses." The Clerk declined to award costs for the Hampton, Barry, and Murphy depositions apparently because the County did not rely upon them in its motion for summary judgment. The Clerk declined to award costs for the Rifenberg deposition because the County failed to separate the costs of the Rifenberg deposition from the costs of the Hampton deposition.[1] On November 4, 2004, the County filed a motion to review the Clerk's award of costs, asking that the Court increase the award to the total amount requested.

In its motion to review the Clerk's award of costs, the County argues that the Rifenberg deposition is properly taxable as the deposition of a party to the case. In addition, the County argues that it did use the Hampton and Barry depositions in its motion for summary judgment, as (i) the Hampton and Barry depositions were referenced in the Defendant's reply in support of its motion for summary judgment, and (ii) in its Order of July 22, 2004, the Court ordered the County to provide the Court with the complete transcripts of the Barry, Hampton, Connelly, and Matzen depositions in order to aid the Court's review of the motion for summary judgment.

**II   ANALYSIS**

Rule 54(d) of the Federal Rules of Civil Procedure provides generally that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs."

**A.    Rifenberg Deposition**

In determining whether to award deposition costs, a court examines whether the

---

[1] The Clerk noted that the cost of the Rifenberg deposition would normally be recoverable under § 1920.

deposition was reasonably necessary to the prevailing party's case at the time it was taken. Simmons v. O'Malley, 235 F. Supp. 2d 442, 443 (D. Md. 2002). It is clearly reasonably necessary for a defendant to depose the opposing party in a case. Accordingly, the Court determines that the Rifenberg deposition is properly taxable.[2]

**B.      Hampton and Barry Depositions**

Depositions submitted in connection with the dispositive motion that terminated the litigation are also properly taxable. See Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 589 (D. Md. 2004); Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland at 6 (2002), available at http://www.mdd.uscourts.gov/webdatapages1/Forms/taxationcosts.pdf (July 8, 2005).

The Clerk declined to award costs for the Hampton and Barry depositions because the County did not rely upon them in its motion for summary judgment. The County did rely on the two depositions, however, in its reply in support of the motion for summary judgment. The Court sees no reason to distinguish between depositions relied upon in the actual motion and those relied upon in the reply in support of the motion, especially since the Court itself ordered the County to produce the full transcripts of the Hampton and Barry depositions in connection with the motion. Accordingly, the Court determines that the Hampton and Barry depositions are properly taxable.

**C.      Murphy Deposition**

The County has offered no justification for the award of costs with respect to the Murphy

_____

[2] Because the Court sees fit to award the costs of the Hampton deposition, as explained below, the fact that the invoices for the Rifenberg and Hampton depositions are lumped together is no longer a barrier to taxability.

deposition, and the Court sees no reason to do so.  Murphy was not a party to this litigation, and

the deposition was not relied upon in connection with the motion for summary judgment.

Accordingly, the Court will not award costs with respect to the Murphy deposition.

## III.   CONCLUSION

For the reasons stated herein, the Court will, by separate Order filed this date:

(i)     GRANT IN PART and DENY IN PART Defendant's motion to review the Clerk's award of costs (Docket No. 26);

MODIFY the Order of the Clerk dated October 28, 2004; and

ENTER costs in favor of the Defendant and against Plaintiff in the total amount of $710.00.

Dated this ___ day of July, 2005

Benson Everett Legg
Chief Judge

4